A. W. WAY, Appellant, v. EDWARD SCOTT et al.

Mortgage of Homestead Void When: RIGHTS OF PURCHASER. A mortgage of the homestead signed by the husband alone is void, and the purchaser at a sale on foreclosure acquires no title and cannot maintain an action for possession.

Abandonment of Homestead: OCCUPANCY AND RIGHTS OF CHILDREN. Where the father abandons the family, the fact that his wife has been placed in an insane asylum will not deprive the adult children, who are members of the family, of their right to possession of the homestead as long as such right remains in the mother.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

SATURDAY, OCTOBER 25, 1902.

ACTION for forcible entry and detainer. Trial to the court, and judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*Mayne & Hazelton* for appellant.

*Shinn & Still* for appellees.

SHERWIN, J.—The title under which the plaintiff claimed the right to the possession of the premises in controversy was derived from a sheriff's deed which followed a sale under a special execution. The mortgage on which the judgment was rendered against the premises alone was executed by John Scott, the father of these defendants, without the joinder therein of his wife, Ann Scott, and covered nothing but the homestead of the said John and Ann Scott. That such a mortgage is void is well settled. *Yost v. Devault*, 9 Iowa, 60; *Larson v. Reynolds*, 13 Iowa, 579. The mortgage upon which the judgment in *rem* was founded being absolutely void, the plaintiff acquired no title to the premises; and, his right to possession being founded exclusively upon his supposed title, it is evident that he was not entitled thereto, because he must recover, if at all, upon the strength of his own title.

*1. MORTGAGE of homestead void when: rights of purchaser.*

We think the evidence clearly shows an abandonment of the homestead by the father, but the wife was entitled to the same right therein until it was cut off by proper proceedings, and the fact that she was then in an insane asylum would not deprive her of this right. The defendants, though adults, were a part of the family, and, in our opinion, were entitled to the possession and occupancy of the premises as a family homestead as long as such right remained to either parent.

*2. ABANDONMENT of homestead: rights of children.*

The judgment is AFFIRMED.