### Columbian Building & Loan Association v. Laura Leeds.

1. CERTIFICATE OF ACKNOWLEDGMENT—*proof essential to overcome.* To overcome the certificate of an officer authorized to take acknowledgements, the evidence must be clear, convincing and satisfactory, and such certificate is to be regarded as having great and controlling weight until it is so overcome. The testimony of the grantor alone is not sufficient to overcome the certificate. A mere preponderance of the evidence against the integrity of the certificate is not sufficient.

2. PRODUCTION OF DOCUMENTS—*when not error to refuse to order.* Whether documents should be produced is a matter to be determined by the trial judge in the exercise of a sound discretion; unless it appear that in refusing so to order he has abused such discretion, reversal will not follow. In this case it was held not error for the court to refuse to require the production of a mortgage made the basis of a foreclosure proceeding.

3. SURPRISE—*when new hearing in chancery will not be awarded,*

*because of.* A new hearing will not be awarded by a court of chancery because of surprise where it does not appear that diligence to avoid surprise was exercised.

4.  NEWLY DISCOVERED EVIDENCE—*what essential to right to new hearing in chancery.* Unless it appear that diligence was exercised to obtain the alleged newly discovered evidence at the hearing, a new hearing in chancery will not be awarded.

5.  NEWLY DISCOVERED EVIDENCE—*when not sufficient to entitle new hearing in chancery.* A new hearing in chancery will not be granted in order to permit the production of alleged newly discovered evidence purely of a cumulative or impeaching character.

6.  HOMESTEAD ESTATE—*when not released:* The homestead estate is not released as to either the husband or the wife where one of them does not join in such release in the manner provided by statute.

Bill in chancery. Appeal from the Circuit Court of Wabash county; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

P. J. KOLB, for appellant.

GREEN & RISLEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery, in the Circuit Court of Wabash county, by appellant against appellee, to foreclose a mortgage on the homestead premises occupied by appellee. A trial was had on evidence produced in open court, resulting in a finding that appellee did not execute the note and mortgage, that she did not acknowledge the same, and that the premises were worth less than $1,000 and were occupied by her as a homestead. A decree was entered dismissing the bill. From this decree appellant appeals to this court.

Counsel for appellant bases his demand for reversal of the decree rendered by the trial court upon the contentions that the decree is not supported by sufficient evidence; that the court erred in requiring appellant to submit the note and mortgage to appellee for in-

spection before requiring her to answer; that the court admitted the testimony of incompetent witnesses; and that the court erred in refusing to grant appellant's motion to set aside the decree and prayer and order for appeal and to grant a new trial.

Appellee was the wife of Dr. Norman Leeds. Appellee's father had purchased a little home for his daughter and her husband, in the village of Bellmont, Wabash county, Illinois, and deeded it to the husband on his promise to repay the purchase price. Appellee and her husband took possession of the premises and occupied it as a homestead and appellee has continued to so occupy it from that time to the present.

The note and mortgage in question is for $800, payable to appellant, bearing date January 20, 1896, and purports to be signed by Norman Leeds and appellee, his wife. The mortgage purports to have been acknowledged before Lyman Leeds, who was a notary public residing in the city of Mt. Carmel, and was a brother of Norman Leeds. In June, 1905, Norman Leeds abandoned appellee, leaving her and her two children in possession of the premises, and on October 7 the bill in this case was filed. Appellee answered the bill under oath, setting up homestead, denying the execution of the note and mortgage on her part, denying the acknowledgment of the mortgage, and averring that she had no knowledge of its existence until after she had been abandoned by her husband. She specifically avers that her alleged signatures to the note and mortgage are forgeries and that the certificate of acknowledgment as to her is false and fraudulent.

To put the contention of appellant's counsel as to the law applicable to this class of cases in his own words, it is as follows: "To overcome the certificate of an officer authorized to take acknowledgments, the evidence must be clear, convincing and satisfactory, and such certificate is to be regarded as having great and controlling weight until it is so overcome. The

testimony of the grantor alone is not sufficient to over-
come the certificate. A mere preponderance of the
evidence against the integrity of the certificate is not
sufficient.'' We agree with counsel as to the law, and
cite Lewis v. McGrath, 191 Ill. 401, as a recent case in
which our Supreme Court has applied this law to a
state of evidence.

The evidence in the case at bar abundantly tends to
prove, and we think it does clearly, convincingly and
satisfactorily prove, that the name of appellee to both
the note and mortgage is a forgery, that the mortgage
was never acknowledged by her, or presented to her
for that purpose, or in any way assented to by her, and
is therefore both false and fraudulent. We are of the
opinion that the decree is sufficiently supported by the
evidence to meet all the requirements of the law.

Counsel insist that the court erred in requiring ap-
pellant to submit the note and mortgage to appellee
for inspection before requiring her to answer. No
authority is cited in support of this position, and noth-
ing appears in this case to take it out of the general
rule. The general rule is that whether the court will
require production of documents for inspection by the
adverse party, rests in the sound discretion of the
court. ''Production may be ordered for the purpose of
aiding a defendant in framing his answer.'' Elliot on
Evidence, Vol. 2, sec. 1399.

Concerning the complaint made here, that the court
allowed witnesses to testify as to the genuineness of
handwriting, who were not shown to be sufficiently ac-
quainted with the writing of the parties to warrant
the admission of their testimony with respect thereto,
it is sufficient to say that counsel does not point out or
refer us to any particular instances of that kind, in his
brief or argument. We have, however, borne this mat-
ter in mind in reading over the evidence and have not
observed that the testimony was objected to on that
ground, and further, we find that the evidence does

Columbian Bldg. & Loan Assn. v. Leeds.

disclose that each and every witness who testified to handwriting was sufficiently qualified in that respect.

Nearly a month after the final decree was granted and orders for appeal taken, appellant entered a motion to set aside the decree and prayer and order for appeal and for a new trial, on the ground of surprise and newly discovered evidence. The court denied the motion, and counsel insist this was reversible error.

Counsel in effect says that appellant did not know in what manner appellee would seek to corroborate her testimony denying the execution and acknowledgment of the mortgage, and when she produced her testimony he was surprised.

She had filed her answer fully disclosing her defense, and it was the duty of appellant if it desired to contest that defense, to have prepared to meet it, before voluntarily going into the trial. This record does not show the exercise of due diligence on the part of appellant in that respect, nor does it show any reasonable ground for surprise. The evidence, as to handwriting, as to the fact that appellee was not at the notary's office, that she was confined at her home, and that the notary did not come there, is all of that general character that might reasonably have been expected. The fact that the evidence came in greater quantity and with more probative force than was expected, is not such surprise as will furnish a litigant grounds for demanding relief at the hands of the court.

All the alleged newly discovered evidence, except that pertaining to appellee's knowledge of the existence of the mortgage, is either cumulative or impeaching evidence, and courts will not grant a new trial on the grounds of newly discovered cumulative or impeaching evidence, except where such evidence would be fully conclusive, and such is not the case here. The most that can be said is, that if all this newly discovered evidence were admitted, it would tend to weaken appellee's defense and strengthen appellant's case, but it would not put a single issue raised upon the answer

out of the domain of dispute. New trials cannot be granted merely to enable a plaintiff to strengthen his case, or a defendant to strengthen his defense. "If they could, there would be no end of litigation."

The motion for a new trial with its accompanying affidavits discloses that two witnesses had been found who would testify that appellee told them, long prior to the filing of the bill to foreclose, that she knew of the existence of the mortgage. As to this it is true, as counsel contend, that it is not wholly cumulative, nor wholly impeaching, but it is by no means conclusive. The statute provides that "no release or waiver of right of homestead by the husband shall bind his wife, unless she join in such release." "Where the wife does not join in the husband's conveyance, the homestead is not released as to either." Panton v. Manley, 4 Ill. App. 210. "There can be no release or waiver of homestead, except in the manner provided by statute." Stodalka v. Novotny, 144 Ill. 125. The doctrine of *laches* has no application to the facts in this case.

We find no reversible error in this record. The decree of the Circuit Court is affirmed.

*Affirmed.*