## ALTON MERCANTILE CO. v. SPINDEL *et al.*

No. 3536.   Opinion Filed May 12, 1914.

(140 Pac. 1168.)

1. **HOMESTEAD—Exemption.** The homestead of a family, whether title to the same shall be lodged in or owned by the husband or wife, shall be reserved to every family in the state, exempt from attachment or execution, and every other species of forced sale for the payment of debts.

2. **SAME—Country Homestead—Extent—Ownership.** Under section 1, art. 12, of the Constitution, and section 3346, Comp. Laws 1909 (Rev. Laws 1910, sec. 3342), the homestead of a family, not in a city, town or village, may consist of 160 acres of land, and may be owned by either husband or wife, or by both jointly.

3. **SAME—Termination—Act of Husband.** When property has once been impressed with the homestead character, no act or omission on the part of the husband, without the consent of his spouse, can result in an abandonment of the homestead by the family. The homestead is for the benefit of the entire family, and such joint interest is to be regarded as paramount to the rights of any individual member thereof.

4. **INSANE PERSONS—Homestead—Abandonment—Consent.** An insane person is incapable of giving her free consent to an abandonment of the homestead, although confined in an insane asylum in another state.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action by the Alton Mercantile Company against George Spindel and Everet Spindel, partners as Spindel Bros. Judgment for defendant George Spindel, and plaintiff brings error. Affirmed.

This is an action to sell the northeast quarter of section 21 in township 17 north of range 6 west of the Indian Meridian, belonging to George Spindel, to satisfy a judgment for $281.26, and interest and costs, in favor of the Alton Mercantile Company and against George Spindel and Everet Spindel, partners as Spindel Bros. The property was sold, and motion for confirmation filed. An objection was made to the confirmation by George Spindel, on the ground that the land was the homestead of his family, consisting of three minor children, who were under his individual care, custody, and control, and were supported and maintained by him; that his wife was still living, but confined in an insane asylum in Jacksonville, Ill., on account of her mental condition; that she had never lived upon the land or acquired an actual residence in this state, but that said absence was caused by her mental condition and through no fault of her own.

The evidence further shows that George Spindel and his children lived upon this land and occupied the same as a homestead from the spring of 1905 until the year 1907, when they moved to Kingfisher to educate the children, and were residing in said city at the time of the levy of the execution in this case, but that they still maintained the premises in controversy as their homestead; the same being temporarily rented. The motion for confirmation of the sale was overruled, and the matter brought to this court for review.

*F. L. Boynton* and *McKeever & Walker,* for plaintiff in error.

*D. K. Cunningham,* for defendants in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). There are no disputed facts in this record. The only

witness offered was the defendant George Spindel; and the sole question necessary for a complete determination of this case is whether the husband, who has an insane wife in another state, can by his own acts so conduct himself as to constitute an abandonment of the homestead without the consent of his wife.

Section 3346, Comp. Laws 1909 (Rev. Laws 1910, sec. 3342), reserves to every family residing in the state a homestead, which shall consist of the home of the family, whether the title to the same shall be lodged in or owned by the husband or wife, and said section exempts such homestead from attachment or execution or any other species of forced sale for the payment of a debt.

Section 3347, Comp. Laws 1909 (Rev. Laws 1910, secs. 3343, 3344), defines a homestead of a family, not in a city or town, to consist of not more than 160 acres of land.

Sections 1 and 2, art. 12, of the Constitution, and the foregoing sections of the statute provide for the exemption of 160 acres of land not within a city or town, as a homestead for the family, which cannot be alienated or incumbered unless the instrument be subscribed by both husband and wife. The requirement of a joint act on the part of the husband and wife to affect the homestead is a provision for the protection of the children as well as for either parent, and the only exception to the rule is provided by section 3352, Comp. Laws 1909 (Rev. Laws 1910, sec. 1146), where the husband and wife became hopelessly insane, in which case a sale could be made by application to and upon order from the proper court.

The contention that George Spindel and his children occupied the premises as their homestead from the spring of 1905 until some time during the year 1907 is not disputed, nor is the fact that his wife was insane and confined in an asylum in Jacksonville, Ill., disputed. When George Spindel and his minor children moved upon this land in the spring of 1905, with the intention of making it their home, the premises became impressed with the homestead character, and no act or omission on the part of George Spindel, without the consent of his spouse, could result in an abandonment of the homestead by the family. The

homestead is for the benefit of the entire family, and such joint interest is to be regarded as paramount to the rights of any individual member thereof. It was held in *Morris v. Ward,* 5 Kan. 239, that:

"No alienation of the homestead by the husband alone, in whatever way it may be effected, is of any validity; nothing that he alone can do, or suffer to be done, can cast the slightest cloud upon the title to the homestead; it remains absolutely free from all liens and incumbrances."

*Coughlin v. Coughlin,* 26 Kan. 116; *Howell, Jewett & Co. v. McCrie,* 36 Kan. 636, 14 Pac. 257, 59 Am. Rep. 584; *Wallace v. Trav. Ins. Co.,* 54 Kan. 442, 38 Pac. 489, 26 L. R. A. 806, 45 Am. St. Rep. 288; *Pilcher v. A., T. & S. F. Ry. Co.,* 38 Kan. 516, 16 Pac. 945, 5 Am. St. Rep. 770.

George Spindel, a married man, having selected the premises in controversy as a homestead, could not divest the premises of the homestead character by abandonment, without the free consent of his spouse; and, she being insane and thereby unable to give her free consent, no act or omission on the part of George Spindel would operate to divest the premises of its homestead character. *Palmer v. Sawyer,* 74 Neb. 108, 103 N. W. 1088, 12 Ann. Cas. 715; *Weatherington v. Smith,* 77 Neb. 363, 109 N. W. 381, 13 L. R. A. (N. S.) 430, 124 Am. St. Rep. 855; *Panton v. Manley,* 4 Ill. App. 210.

In the case of *Whitlock v. Gosson,* 35 Neb. 829, 53 N. W. 980, the husband attempted to incumber the homestead while the wife was insane and living in another state, and in that case the court held that the transaction was void.

In the case of *Way v. Scott,* 118 Iowa, 197, 91 N. W. 1034, it was held that the abandonment of a homestead by the husband and father, while his wife was confined in an insane asylum, did not deprive the wife of her interest or right therein, and their adult children were a part of the family and were entitled to the occupancy and possession of the premises as long as such right remained to either parent. *Weatherington v. Smith, supra; Withers v. Love,* 72 Kan. 140, 83 Pac. 204, 3 L. R. A. (N. S.) 514; *Central Kentucky Lunatic Asylum v. Cravens,* 98 Ky. 105, 32

S. W. 291, 56 Am. St. Rep. 323; *Holburn v. Pfanmiller,* 114 Ky. 831, 71 S. W. 940; *Chambers v. Cox,* 23 Kan. 393.

In order to constitute an abandonment of the homestead, the abandonment must be voluntary, and the confinement of a person in an asylum in another state on account of her mental condition cannot be said to be a voluntary abandonment of the homestead.

We therefore conclude that the premises in controversy were impressed with the homestead character in 1905, and that the said premises are still the homestead of the family of George Spindel, and not subject to a lien under the judgment of the Alton Mercantile Company, and that the court properly refused to confirm the sale of said premises under said judgment.

The cause should therefore be affirmed.

By the Court: It is so ordered.