**TIGER et al. v. WARD et al.**

No. 6363—Opinion Filed June 6, 1916.

Rehearing Denied July 11, 1916.

(158 Pac. 941.)

1. **Trial—Trial by Court—Judgment at Close of Plaintiff's Case.**
Where a trial is had to the court without the intervention of a jury, it is not error for the court to weigh the plaintiff's evidence at the close thereof, and upon the whole evidence to pronounce judgment for the defendant.

2. **Homestead—Creation—Right of Wife.**
Where husband and wife are living together, and the homestead status of the land in question has never been established, the wife has no power without the direction or consent of the husband to impress his lands with the homestead character.

3. **Deeds—Validity—Duress—Evidence.**
Evidence examined, and held to support the judgment.

(Syllabus by Burford, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Scott Tiger and another against Bay Ward and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

James M. Hays, for plaintiffs in error.

Rutherford & Blakemore, for defendants in error.

Opinion by BURFORD, C. This was an action by Scott Tiger and Emma Tiger, his wife, and certain of their grantees, to quiet title to a tract of land in Creek county and to cancel certain conveyances executed by the plaintiff Scott Tiger.

As ground for relief it is alleged: First, that duress had been practiced upon Scott Tiger in the execution of the deed in question; and, second, that the land was the homestead of the family at the time the deed by Tiger was executed, and that his wife did not join therein. There was a trial to the court without the intervention of a jury, and at the close of the plaintiff's testimony the defendants demurred to the evidence. The trial court thereupon considered the whole evidence offered by plaintiff, made certain findings of fact, and gave judgment for defendant. This action of the trial court is alleged as error, it being asserted that there was some evidence tending to support the claims of the plaintiff, and that upon a demurrer to the evidence the trial court should have eliminated all the testimony unfavorable to the plaintiff, and should have overruled the demurrer. There was no error in this action of the trial court, where the trial is to the court without the intervention of a jury and a demurrer to the evidence is interposed. The situation is not essentially different from that where the defendant rests upon plaintiff's testimony. Where the trial is to a jury who are to determine the facts, we have frequently held that upon a demurrer to the evidence the trial court should not sustain the demurrer where there is any evidence reasonably tending to support the plaintiff's claim, but should submit the issue of fact to the jury. Where there is no jury, however, the trial court must at some stage of the proceeding determine the questions of fact, and there can be no good reason why, if the plaintiff's evidence is insufficient, he should not determine that fact at the close of the plaintiff's testimony, without requiring the unnecessary delay and expense incident to defendant producing his evidence.

In Porter v. Wilson, 39 Okla. 500, 507, 135 Pac. 732, 735, this court, speaking of the ef-

rect of a demurrer to the evidence, where a trial was had to the court, said:

"It is obvious from the record that the court passed upon the entire case. Where it appears, as in this case, that the court weighed the evidence, and determined plaintiff's right to recover after a consideration of the proofs offered, it would be too subtle a refinement to say that the court should have overruled the demurrer, and thereupon, on the same evidence, have found for the defendant; otherwise, a reversal must follow."

There was no error, therefore, in the trial court determining the sufficiency of the plaintiff's evidence at the close thereof.

Upon the question of duress the trial court found that Scott Tiger had received a part of the purchase price after the execution of the deed, and when he was not under duress. We not only approve this finding of the trial court, but think from the record that there was no sufficient evidence of duress in the first instance.

It was alleged in the petition that Scott Tiger had been threatened with prosecution for stealing a horse unless he signed the deed in question. The evidence was far from establishing this state of facts. It did show that Tiger had gone to Missouri shortly before he reached the age of 21 years, at the instance of a party by the name of Thompson, who, it appears, was interested in securing the transfer by Tiger of the land in question to one of the defendants. It also showed that he returned immediately after he became of age, and during the night or early morning of that day signed the deed to the land in question, in which his wife did not join. He refused to testify that he had been placed in jail, or that he had been threatened with prosecution for stealing the horse, but only stated that he authorized the payment of $100 for the horse to the party who owned it, and that he did not steal it, but had just ridden it away because it belonged to a cousin of his. He testified upon the witness stand that he was satisfied with the transaction and wanted the deed he had made to stand, and that he had received a part of the purchase price at various times after the execution of the deed. Upon this testimony we think there was no sufficient evidence to authorize the court to cancel the deed upon the ground of duress.

Upon the second proposition there was some conflict as to where Scott Tiger was living prior to his marriage. He, himself, testified that he had never lived upon the land in question, which had been allotted to him as a Creek freedman, but that it was occupied by his father and mother, but that since he had been a little boy he had lived with another party upon a different tract of land. It appeared that he had been married before reaching the age of majority, and that while he was gone to Missouri his wife and her mother and father, some three or four days prior to the execution of his deed, moved a tent on to the land in question and lived there in the tent until some days after the defendant's deed was executed, and that Tiger and his wife, a short time after the execution of his deed, went to another town and there executed a deed or contract to the joint plaintiffs, in which the wife had joined. Although there is some evidence of the wife's intention to impress a status upon this land so that Scott Tiger could not sell it without her consent, there is very little, if any, evidence to establish that she moved on the land with the intention of creating a permanent home for the family. However this may be, we think it was not within her power to impress the land in question with the homestead character. She and Tiger were living together, and he was only temporarily absent. It does appear that they were separated at the time of the trial, but at the time in question this separation had not taken place. There is no evidence that Scott Tiger gave his consent or approval to her moving onto the land prior to the time he had conveyed it away. He did not go upon the land and occupy it according to his own testimony until after the deed had been executed and delivered. The title to the land was in him.

Section 1, of article 12 of the Constitution provides as follows:

"The homestead of any family in this state not within any city, town or village, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner."

Whatever may be the effect of the conduct of the husband after the homestead status is once established (Gooch v. Gooch et al., 38 Okla. 300, 133 Pac. 242, 47 L. R. A. [N. S.] 480; Alton Merc. Co. v. Spindel, 42 Okla. 210, 140 Pac. 1168; Maloy v. Cameron & Co., 29 Okla. 763, 119 Pac. 587), there is no question in our mind that, under the terms of the Constitution above quoted, where the title to the land is in the husband, the wife, living with him as his spouse, cannot without his approval and consent determine that the homestead shall be located upon his land, and impress his land with that character.

We find no error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.