## AMERICAN STATE BANK v. LEFORCE et al. and MURPHY v. SAME.

Nos. 14243, 14255—Opinion Filed Sept. 18, 1923.

(Syllabus.)

**1. Homestead — Continuance of Status—Abandonment.**

When the homestead character once attaches to land, it will continue to be the homestead until the owner voluntarily changes its character by going away from it with the family with the fixed and definite intention of not returning and occupying it as a home or forms such fixed and definite intention after leaving it.

**2. Same—Burden of Proof.**

The homestead character of the premises being once shown to have existed, the burden of showing an abandonment is on the person seeking to subject it to execution.

**3. Same — Sufficiency of Evidence of Homestead Character.**

We have examined the evidence contained in the record before us very carefully, and are satisfied that the findings of the trial court in favor of the homestead claimant are sufficiently supported by the evidence.

Error from District Court, Garfield County; James B. Cullison, Judge.

Actions by the American State Bank of Covington and W. K. Murphy against James Leforce and Carrie Leforce. From orders dissolving attachments of land in aid of executions, plaintiffs bring error. Causes consolidated. Affirmed.

McKeever & Moore, for plaintiff in error in No. 14243.

H. J. Sturgis, for plaintiff in error in No. 14255.

F. E. Chappell, for defendants in error.

KANE, J. These are appeals from the action of the district court in dissolving two attachments in two separate actions against James Leforce wherein the plaintiffs in error, respectively, procured money judgments.

The attachments were issued in aid of execution and levied upon a certain track of land in Garfield county, and they were dissolved upon the motion of Carrie Leforce upon the ground that the land involved was the homestead of herself and family.

There seems to be no dispute between counsel upon any question of law, the sole contention of the appellants being that the evidence in support of the motion to dissolve the attachments was not sufficient to sustain the findings of the trial court as to the homestead character of the land involved.

The legal title to the land was in the judgment debtor, James Leforce, husband of Carrie Leforce. It is conceded that the land was the homestead of Leforce and family up to the 2nd day of September, 1920, the contention of the plaintiffs in error being that at that date Leforce and his wife voluntarily changed its homestead character by taking up their residence in the city of Enid, on property belonging to Mrs. Leforce and making it their homestead.

On the other hand, the defendant in error Carrie Leforce claims that they left the homestead with the definite intention of returning thereto and occupying it as a homestead; that the residence into which they moved at Enid was her own separate property and their occupancy thereof was merely temporary for the purpose of educating her children.

In Long v. Talley, 84 Okla. 38, 201 Pac. 990, it was held:

"When property has once been impressed with the homestead character, the title to which is in the husband, it must be made clearly to appear that the wife voluntarily intended to relinquish and did abandon the homestead and that another homestead has been acquired before the husband can convey it without her consent given as required by law."

In Elliott v. Bond, 72 Oklahoma, 176 Pac. 242, it was held:

"When a homestead character once attaches to property, it will continue to be the homestead until the owner voluntarily changes its character by going away from it with the family with the fixed and definite intention of not returning and occupying it as a home or forms such fixed and definite intention after leaving it."

In McCord v. Tessier (Neb.) 96 N. W. 342, it was conceded, and we think it is good law, that:

" * * * The homestead character of the premises being once shown, the burden is on those who seek to subject it to the payment of a debt, to show that it has been abandoned as a homestead, and is no longer protected from execution. * * * "

We have examined the evidence contained in the record before us very carefully, and are satisfied that the findings of the trial court in favor of the homestead claimant are sufficiently supported by the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.