## HENSLEY v. FLETCHER.

No. 24120.   April 23, 1935.

H. H. Edwards and Tom C. Greer, for plaintiffs in error.

W. B. Toney, for defendant in error.

PER CURIAM.   This action was commenced September 2, 1931, by Z. T. Fletcher to quiet title to 40 acres of land located in Seminole county; plaintiff's title thereto being based upon warranty deed, purportedly executed by the defendants, B. H. Hensley and Lillie Belle Hensley, husband and wife, to plaintiff, dated February 14, 1927.   Objections to validity of said deed were made by answer and cross-petition by B. H. Hensley and by Lillie Belle Hensley, an incompetent person, appearing by C. H. Hensley, her legal guardian, and Allen G. Nichols, her guardian ad litem, upon grounds that said 40-acre tract constituted a portion of the homestead of said defendants, and that the signature of said Lillie Belle Hensley to said deed was a forgery.   The cause was tried to lower court, without intervention of a jury, resulting in judgment for plaintiff quieting his title, and denying the cross-petition of the defendants.   This appeal is perfected by defendant Lillie Belle Hensley, by her legal guardian and guardian ad litem.

The judgment of the trial court quieted and perfected plaintiff's title, and further decreed that the land herein involved was not claimed by the defendants as part of their homestead prior to the deed to plaintiff; that said premises had not been selected by said husband and had not been occupied by the husband and family as a homestead, and, therefore, it was not necessary for the defendant Lillie Belle Hensley to join her husband in the execution of the deed in question. The wife, Lillie Belle Hensley, on appeal herein, urges and briefs three general propositions for a reversal of this cause, as follows:

(1)   That the property involved was a part of the homestead of the family of B. H. Hensley and Lillie Belle Hensley.

(2)   That Lillie Belle Hensley was an incompetent person and did not sign the deed nor authorize her signature to be placed thereon; that her signature was a forgery.

(3)   That this property being a part of the homestead, the deed is void without the signature of the defendant Lillie Belle Hensley.

The only question involved here on appeal, under said propositions and the evidence submitted to and found by the trial court, is whether a homestead was designated and selected or impressed by occupancy upon the 40-acre tract in question.   It being admitted that if this 40-acre tract, from the evidence submitted, was sufficient to impress upon said land homestead characteristics, the judgment of the trial court should be reversed, for it is further admitted that Lillie Belle Hensley, the wife, was an incompetent person, upon the date of the execution of the deed in question, and that her signature on said deed was a forgery; however, in this connection, the evidence shows that plaintiff was in no wise a party to ob-

taining the forged signature, and that he purchased said land for a valuable consideration in good faith.

We have carefully examined the record, briefs, and authorities cited, and find therefrom sufficient competent evidence to sustain the judgment of the trial court; in fact, the great preponderance of the evidence discloses that said 40 acre tract did not constitute the statutory homestead of said defendant, upon the date of the execution of the deed in question.

The judgment of the trial court is fully sustained, as shown by the following undisputed evidence. That upon the date of the conveyance to plaintiff, the husband, B. H. Hensley, was the record owner of 288 acres of land in addition to the 40 acres sold to plaintiff; that in 1923 plaintiff purchased 80 acres of land, 40 acres of which is known as the Fletcher tract, and involved in this appeal, and 40 acres known as the Maxwell tract, and involved in Hensley v. Maxwell, 172 Okla. 21, 44 P. (2d) 60. The 40 acres are adjacent in that they cornered, but are separated by a section line. The Hensley family moved upon the Maxwell 40 in 1923, and remained there about a year. It was during this occupancy of the Maxwell tract that the wife was committed to the insane asylum at Norman. The husband and minor children thereafter moved to the town of Konawa, to which home the wife returned, upon parole from the asylum. The family then returned to the Maxwell tract and resided thereon upon the date of the deed to plaintiff. However, the evidence shows that upon the date of the deed to plaintiff, the wife had again been committed to the asylum. The evidence of defendants further showed that upon the date of the conveyance to plaintiff, they had a share cropper upon the Fletcher 40; that during the period from 1923 to 1927 the husband had built and sold one or two houses in the town of Konawa; that positive statements were made contemporaneously with the execution of said deed, and in the body of said deed by the record owner, B. H. Hensley, to the effect that the lands conveyed to plaintiff were no part of his statutory homestead, and had never been occupied or claimed as such; that upon trial below the said B. H. Hensley disclaimed any interest in this 40-acre tract, and reaffirmed his prior statements that he did not claim this 40 as his homestead; that the tract was worth less, upon date of trial, than the consideration paid therefor; that plaintiff had paid in cash the sum of $2,-000, paid off mortgage, plus the interest, in the sum of $1,892.32 thereon, and had expended the sum of $1,500 for improvement and taxes; that upon date of trial below, the husband, B. H. Hensley, was the record owner of 120 acres of land in Seminole county, and the undivided owner of a tract of 40 acres in Carter county. The record does not disclose any intention or act by the wife, prior to her commitment to the asylum, relying upon this tract as the family homestead.

It must be borne in mind that it is not the husband, the past record owner of this tract, who is seeking to show homestead characteristics upon said land, existing upon the date of the deed to plaintiff. The husband has not appealed from the adverse judgment.

Article 12, section 1, of the Constitution provides as follows:

"The homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres of land which may be in one or more parcels, to be selected by the owner."

The policy of this court has always been, and now is, to construe this provision of the Constitution in order to encourage the ownership of homes, where families may be safe and secure from misfortune, or improvidence, believing that such security conduces to the stability and good order of the state.

The purpose of the homestead doctrine is amply set forth in 13 R. C. L. 543, section 4, as follows:

"The theory of the law with relation to homesteads is based upon the idea that, as a matter of public policy for the promotion of the government, it is proper he should be sheltered and live beyond the reach of financial misfortune and the demands of the creditors who have given credit under such a law."

Applying the purposes and reasons behind the homestead exemption laws of this state to the case at bar, it is apparent, in justice and equity, and from the undisputed evidence herein, that the homestead exemption laws do not afford the wife the protection or relief as prayed for. The record discloses the 40-acre tract to be the sole and individual property of the husband; the record title to this tract and the additional 288 acres owned by the husband was vested in the husband upon date of the conveyance complained of. The Constitution above quoted designates the owner as the proper person to select the homestead. The husband

herein, not having selected, by any unequivocal overt acts, this tract of land, not having occupied said land as his homestead, nor manifested any intentions to impress homestead characteristics thereon, could sell and convey the same, without the necessity of obtaining the signature of his wife to the deed.

Section 9670, O. S. 1931, provides as follows:

"The husband or wife may convey, mortgage or make any contract relating to any real estate, other than the homestead, belonging to him or her, as the case may be, without being joined by the other in such conveyance, mortgage or contract."

Further, the solemn admission contained in the deed in question reciting:

"This is no part of my statutory homestead and never has been occupied or claimed by me as such"

—affirmatively discloses the intentions of the husband, upon which, under all the evidence in this case, the purchaser had the right to rely.

In 21 Cyc. 550, and note 99, it is said.

"Where no such peculiar circumstances appear, a statement by the homesteader, or a recital in his deed or affidavit that the premises are not a homestead, will prevent homestead rights from being asserted by him."

We have examined the authorities cited by plaintiff in error, and the same are the established laws of this court, but they are not applicable to facts in the case at bar, for the reason that the evidence totally fails to establish the homestead character of this tract of land, prior to conveyance.

The correct rule in this case is found in the case of Tiger et al. v. Ward et al., 60 Okla. 36, 158 P. 941, wherein the court said:

"Whatever may be the effect of the conduct of the husband after the homestead status is once established (Gooch v. Gooch et al., 38 Okla. 300, 133 P. 242, 47 L. R. A. [N. S.] 480; Alton Merc. Co. v. Spindel, 42 Okla. 210, 140 P. 1168; Maloy v. Cameron & Co., 29 Okla. 763, 119 P. 587), there is no question in our mind that, under the terms of the Constitution above quoted, where the title to the land is in the husband, the wife, living with him as his spouse, cannot, without his approval and consent, determine that the homestead shall be located upon his land, and impress his land with that character."

The law imposes a duty upon the wife, Lillie Belle Hensley, to show by a fair preponderance of the evidence that the land was impressed with homestead characteristics, upon the date her husband executed the deed therefor. She has failed to sustain this burden as required by law, and the evidence herein clearly shows that the trial court judgment, quieting plaintiff's title and denying the defendant Lillie Belle Hensley's cross-petition, is supported by the greater weight and preponderance of the evidence.

We find no error in the record and the judgment should be affirmed. And it is so ordered.

The Supreme Court acknowledges the aid of Attorneys T. H. Williams, Jr., A. C. McElroy, and J. F. Hatcher in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. T. H. Williams, Jr., and approved by Mr. McElroy and Mr. Hatcher, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.