**HENSLEY et al. v. MAXWELL.**

No. 24121.     April 23, 1935.

H. H. Edwards and Tom C. Greer, for plaintiffs in error.

Billingsley & Stanley, for defendant in error.

PER CURIAM. This action was commenced September 3, 1931, by J. A. Maxwell to quiet title to 40 acres of land located in Seminole county, plaintiff's title thereto being based upon warranty deed, dated February 8, 1928, purportedly executed by B. H. Hensley and Lillie Belle Hensley, husband and wife. Objections to validity of said deed were made by answer and cross-petition by B. H. Hensley and by Lillie Belle Hensley, an incompetent person, appearing by C. H. Hensley, her legal guardian, and Allen G. Nichols, her guardian ad litem, upon grounds that said 40-acre tract constituted a portion of the homestead of said defendants, and that the signature of the said Lillie Belle Hensley to said deed was a forgery. The cause was tried to lower court, without intervention of a jury, resulting in judgment for plaintiff, quieting his title, and denying the cross-petition of the defendants. This appeal is perfected by defendant Lillie Belle Hensley, by her legal guardian and the guardian ad litem.

The judgment of the trial court quieted and perfected plaintiff's title, and further decreed that the land involved herein was not intended or occupied by the defendants as a homestead prior to the deed to plaintiff, who purchased said land in good faith for a valuable consideration, and that

therefore it was not necessary for the defendant Lillie Belle Hensley to join in the execution of the deed in question. The wife, Lillie Belle Hensley, on appeal herein, urges and briefs three general propositions for a reversal of this cause as follows:

(1) That the property involved was a part of the homestead of the family of B. H. Hensley and Lillie Belle Hensley.

(2) That Lillie Belle Hensley was an incompetent person, and did not sign the deed, nor authorize her signature to be placed thereon; that her signature was a forgery.

(3) That this property being a part of the homestead, the deed is void without the signature of the defendant Lillie Belle Hensley.

The only question involved herein, on appeal, under said propositions, and the evidence submitted to and found by the trial court, is whether a homestead was selected or impressed by occupancy, upon the 40-acre tract in question. It being admitted that if this 40-acre tract, from the evidence submitted, was sufficient to impress upon said land homestead characteristics, the judgment of the trial court should be reversed, for it is further admitted that Lillie Belle Hensley, the wife, was an incompetent person upon the date of the execution of the deed, and that her signature on said deed was a forgery; however, the trial court found, and it is undisputed, that plaintiff was in no wise a party to obtaining the forged signature, and that he purchased same in good faith for a valuable consideration, honestly believing that the signature of the wife was genuine.

We have carefully examined the record, briefs and authorities cited, and find therefrom sufficient competent evidence to sustain the judgment of the trial court; in fact, the great preponderance of the evidence discloses that said 40-acre tract did not constitute the statutory homestead of said defendants, upon the date of the deed to plaintiff.

The parties hereto, in the trial court and on appeal herein, have referred to and considered this cause as companion and similar to the case of Lillie Belle Hensley et al. v. Fletcher, 172 Okla. 19, 44 P. (2d) 63, and by reason thereof we deem it unnecessary to make a complete restatement of the facts in this case. The evidence, however, shows the husband and family were residing upon the tract involved herein, upon date of the deed to plaintiff; that upon said date the husband was the record owner of this

40-acre tract, and also the record owner of an additional 240 acres; that in December, 1929, the husband executed an affidavit, in which he made the admission that he never at any time claimed the land as his statutory selection as a homestead, that neither he nor any member of his family ever occupied said land within the meaning of the homestead laws of Oklahoma, and that a portion of the additional 240 acres owned by him was claimed by himself and family as his homestead. That the plaintiff paid the sum of $3,300, as consideration for the deed, and expended $2,500 for improvements thereon.

Article 12, section 1, of the Constitution provides as follows:

"The homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres, of land, which may be in one or more parcels, to be selected by the owner."

The policy of this court has always been, and now is, to construe liberally this provision of the Constitution, in order to encourage the ownership of homes where families may be safe and secure from misfortunes or improvidence, believing that such security conduces to the stability and good order of the state.

It is also the policy of this court that homestead intentions cannot be used as a shield for fraud. As stated in Johnson v. Johnston et al., 82 Okla. 259, 200 P. 204:

"It is true that intention is the prime element necessary for the purpose of impressing the homestead character upon land, prior to actual occupancy, but this intention must be manifested by such acts as to give at least reasonable notice of that intention. The purpose of the law is that such open evidence of this intention should be shown as to prevent the claim of this right as a shield for fraud. This intention should not only be in the mind of the party but should be evidenced by some unmistakable acts, showing an intention to carry out such a design."

The fact that the husband and family were occupying this property, upon the date of the execution of the deed in question, is some evidence of its homestead character, but such evidence by itself, in absence of the record owner's intentions, manifested by unmistakable acts, to impress homestead characteristics upon said land, is grossly insufficient. Especially is this true in this case, where the husband was the record owner of 240 acres of additional land, and in view of the solemn admissions contained in the husband's affidavit, that this particular 40 acres constituted no part of his homestead, and that he was claiming a part of the additional 240 acres as his statutory homestead.

In 21 Cyc. 550, and note 99, we find the following:

"Where no such peculiar circumstances appear, a statement by a homesteader or a recital in his deed or affidavit that the premises are not a homestead, will prevent rights from being asserted by him."

In 13 Ruling Case Law, 662, it is said:

"Thus it has been held that a married woman free from restraint and with full knowledge of her rights who represents that certain land is not her homestead, thus causing an innocent person to purchase it, is concluded from setting up the homestead by her acts."

The two above citations were cited with approval in case of Johnson v. Johnston, supra. See Daniels v. Dean et al. (Cal.) 85 P. 332.

The correct rule, applicable to this case, is found in Tiger et al. v. Ward et al., 60 Okla. 36, 158 P. 941, wherein the court said:

"Whatever may be the effect of the conduct of the husband after the homestead status is once established (Gooch v. Gooch et al., 38 Okla. 300, 133, 242, 47 L. R. A. [N. S.] 480; Alton Merc. Co. v. Spindel, 42 Okla. 210, 140 P. 1168; Maloy v. Cameron & Co., 29 Okla. 763, 119 P. 587), there is no question in our mind that, under the terms of the Constitution above quoted, where the title to the land is in the husband, the wife, living with him as his spouse, cannot, without his approval and consent, determine that the homestead shall be located upon his land, and impress his land with that character."

As stated in the case of Hensley et al. v. Fletcher, supra, the law imposes a duty upon the wife to show by a fair preponderance of the evidence that the land in question was impressed with homestead characteristics upon the date her husband executed the deed therefor. She has failed to sustain this burden as required by law. In fact, the evidence clearly shows that the trial court's judgment in quieting plaintiff's title and denying the defendant Lillie Belle Hensley's cross petition, is supported by the greater weight and preponderance of the evidence.

We find no error in the record, and the judgment and should be, and is, affirmed.

The Supreme Court acknowledges the aid

of Attorneys T. J. Williams, Jr., A. C. McElroy, and J. F. Hatcher in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Williams, and approved by Mr. McElroy and Mr. Hatcher, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.