GLAZE v. DRAWVER et ux.

No. 29956.     Sept. 30, 1941.

*117 P. 2d 544.*

Walter L. Gray, of Oklahoma City, for plaintiff in error.

Fred A. Daugherty and Hal. D. Leaming, both of Oklahoma City, for defendants in error.

PER CURIAM. On October 4, 1939, C. G. Drawver and Mrs. C. G. Drawver, as plaintiffs, instituted this action against Eleanor Glaze, as defendant, to enjoin the threatened violation of covenants in a restrictive contract which had been entered into in the spring of 1926 by the above-named parties and the owners of other lots in block 12 of Oak Park addition to Oklahoma City.

The plaintiffs alleged in their petition that the contract had been entered into and executed by the owners of more than nine-tenths of the lots situate in block 12 of Oak Park addition to Oklahoma City and duly recorded and had become a binding and effective agreement between the parties whereunder each of the signatories, their successors, and assigns were precluded for a period of 99 years from selling, leasing, or giving away any of the property in said block to Negroes or persons of African blood; that the defendant was threatening to violate the terms of said contract and to place Negroes in possession of certain property owned by her and situate in said block 12, and prayed she be enjoined from so doing, and that any

instrument or agreement which she had theretofore made, having for its purpose the violation of the terms of said contract, be canceled and held for naught. The defendant in her answer admitted that she and her then husband had executed the contract pleaded by the plaintiffs, but denied that the same had ever become an effective and binding instrument for the reason that it had not been properly signed by the owners of the requisite number of lots in said block 12, Oak Park addition. The plaintiffs were permitted to reply out of time. Upon the issues thus framed the cause was tried as one in equity. At the trial the parties by stipulation eliminated all matters from consideration other than the sufficiency of the signature of Lillian R. Gilchrist to the contract by conceding that if her signature was valid, then the contract had the requisite number of signers and was a binding and subsisting agreement, and that if such signature was not sufficient, then the contract was invalid. Upon the issues so narrowed the defendant undertook to prove that the signature of Lillian R. Gilchrist as the owner of lots 7 and 8 in said block 12 of Oak Park addition was null and void for the reason that said property constituted a homestead, and therefore precluded the sole signature of Lillian R. Gilchrist being effective for any purpose. The trial court found from all of the evidence that said lots were acquired by the said Lillian R. Gilchrist as her separate property at a time when she and her then husband had a constitutional and statutory homestead in the town of Hydro, Okla., and at the time the contract here involved was executed that the said lots 7 and 8 were no part of the homestead of the said Lillian R. Gilchrist and her husband, and that therefore the individual signature to the contract of Lillian R. Gilchrist was valid and rendered the same a binding and effective agreement, and rendered judgment in accordance with said findings in favor of the plaintiffs. Motion for new trial was overruled, and defendant has perfected this appeal.

The defendant assigns eight specifications of error, which she discusses under three propositions which may be thus summarized: (1) Where a homestead is shown to exist, no contract with reference thereto is valid unless signed by both husband and wife; (2) where a contract provides that a certain number of persons must sign before the same becomes effective, the failure to obtain the requisite number of signers renders said contract ineffective from its inception; (3) where the evidence shows that the required number of signers to a contract, such as here involved, has not been obtained, the contract is ineffective for any purpose. All of said contentions reduce themselves to the simple proposition that the judgment of the trial court is clearly against the weight of the evidence. The pivotal and decisive issue presented is whether lots 7 and 8 in block 12 ever constituted a part of the homestead of Lillian R. Gilchrist and husband. The record clearly and unmistakably shows that when Lillian R. Gilchrist acquired title to the said lots 7 and 8 and signed the contract here involved, she then had a constitutional and statutory homestead in the town of Hydro, Okla., which had been established for some 17 years prior thereto, and which was not abandoned or disposed of until some two months prior to the death of Thomas Gilchrist, which occurred April 15, 1930. The evidence further shows that said Lillian R. Gilchrist and her husband never claimed any homestead in the property here involved and never at any time expressed intention of abandoning or repudiating the homestead which they had theretofore established in the town of Hydro. It is fundamental that a person cannot have two homesteads at the same time (Cooper v. Long, 93 Okla. 239, 220 P. 610); and it is also well settled that where a homestead character has once been impressed on a tract of land, it continues to possess such character until there has been a definite repudiation or abandonment of such homestead by the persons entitled to claim the same (Brunhoeber v. Davis, 167 Okla. 484, 30 P. 2d 669; Lane v.

Amis Bros., 171 Okla. 593, 43 P. 2d 73; American State Bank v. Leforce, 95 Okla. 88, 218 P. 1073; Elliott v. Bond, 72 Okla. 3, 176 P. 242, 991); and that the purpose of constitutional and statutory provisions relative to homestead is to afford protection to the family and never to enable one to escape just liabilities or to perpetrate a fraud or injustice. Hensley v. Maxwell, 172 Okla. 21, 44 P. 2d 60; Hensley v. Fletcher, 172 Okla. 19, 44 P. 2d 63.

Assuming, without deciding, that the defendant was entitled to raise the question of whether homestead character had ever been impressed upon the lots purchased by Lillian R. Gilchrist, we are of the opinion, and hold, that there was no evidence to show that such had ever been in fact accomplished. Since Lillian R. Gilchrist admits that at the time she purchased said lots and acquired title thereto and made the contract here involved, she had one homestead which had neither been abandoned nor repudiated and which in fact never was abandoned until its sale some years later, and therefore if the same Lillian R. Gilchrist ever had any intention of impressing the present property with a homestead character, she could not render the same effective, at the time of the transaction here involved for the reason that a homestead on the property here involved could not come into being or exist until the prior homestead had been abandoned or disposed of, and therefore the court properly held that said lots 7 and 8, block 12, Oak Park addition, were the separate property of said Lillian R. Gilchrist at the time of the execution of this contract and no part of the homestead, and therefore property concerning which the said Lillian R. Gilchrist could contract without being joined therein by her then husband. Section 9670, O. S. 1931, 16 Okla. St. Ann. § 13. It is apparent from what has heretofore been said that the conclusion reached with respect to the primary contention advanced by the defendant renders any discussion of the other two contentions advanced unnecessary and wholly aca-

demic. This being an equitable action, we have thoroughly examined the entire record and weighed the evidence, and find that the finding and judgment of the trial court are amply supported by the evidence. Such being the situation, the judgment will not be disturbed.

Judgment affirmed.

CORN, V. C. J., and RILEY, BAYLESS, HURST, and ARNOLD, JJ., concur.