In re BUTLER.

(District Court, N. D. Georgia.  October 22, 1902.)

No. 895.

**1. BANKRUPTCY—EXEMPTIONS—ALLOWANCE FROM PROPERTY NOT PAID FOR.**

A bankrupt cannot be denied his right to claim property as exempt under the laws of Georgia because the same has not been paid for, where the claim of the creditor has not been reduced to judgment, and no steps have been taken to fix a lien on the property for the purchase money, except by asking in the objections to the allowance of the exemption that such lien be established.

In Bankruptcy.  On question certified by referee.

J. Z. Foster and E. P. Green, for objector.
Mosley & Weaver, for bankrupt.

NEWMAN, District Judge.  In this case G. D. Anderson, referee in bankruptcy, certifies to the court a case which is substantially as follows:  The bankrupt was a merchant, and bought from a creditor, J. Regenstein, a bill of goods, a month or more before the commencement of the proceedings in bankruptcy.  The bankrupt claimed the exemption allowed by the constitution and laws of Georgia out of the stock of goods, making an itemized list of the articles which he desired to have set apart by the trustee.  Some of these items were identified by a representative of the creditor, J. Regenstein, as goods sold by his firm to the bankrupt.  Objection was then made to the allowance of the homestead on this ground.  The creditor has simply an open account against the bankrupt, which has never been reduced to judgment.  He proved his debt in bankruptcy.  The creditor objects to the exemption being set apart, so far as it embraces goods sold by him to the bankrupt.  He has not taken out an attachment for purchase money, or endeavored, through the bankruptcy proceedings, to fix such a lien on the goods identified.  He objected originally to the allowance of the exemption in the goods sold by him on the ground that none of the purchase money had been paid, and asked that the goods be delivered to him.  By amendment recently filed he claims that the purchase money is due, and asks that he be given a purchase money lien, and that the exemption be denied.

I think the referee correctly decided that no case was made which justified him in denying the exemption.  In a recent case (Graham v. Richerson [Ga.] 42 S. E. 374) the supreme court of Georgia has decided this:  "If there be no judgment and execution, the question whether or not the exemption is subject for the purchase money cannot arise,"—citing Hoskins v. Wall, 77 N. C. 249.

It is unnecessary to decide whether in a proceeding in bankruptcy a person selling goods to the bankrupt, and who has purchase money due him on part of the stock, can, by some suitable proceeding, establish a lien for purchase money analogous to an ordinary attachment in the state court for purchase money.  No such proceeding was attempted in this case.  All that was done was by amendment to the objections to the allowance of the exemption in which it is said that the

purchase money is due, and asking that a lien be set up. It is not under oath, and is made by way of objection to the allowance of the exemption, and is, to my mind, not sufficient, even if it comes in time, which is doubtful, and even if such a lien can be established in bankruptcy at all, which is not determined.

The action of the referee is approved.