### In re LUCIUS.

### In re CAWTHON–COLEMAN CO.

#### (District Court, S. D. Alabama. July 25, 1903.)

#### No. 158.

1. BANKRUPTS—EXEMPTION—LIENS ON EXEMPT PROPERTY—DETERMINATION—JURISDICTION.

Under Bankrupt Act July 1, 1898, c. 541, § 2, subd. 11, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], providing that the bankrupt court shall have jurisdiction to determine all claims of bankrupts to their exemption, etc., the court of bankruptcy had jurisdiction to determine a creditor's claim to an equitable lien on money of the bankrupt collected by the trustee, and claimed by the bankrupt as exempt.

In Bankruptcy.

William J. Johnson and Pillans, Hanaw & Pillans, for bankrupt.
Davis & Gunn and R. H. & N. R. Clarke, for petitioners.

TOULMIN, District Judge. The real question in this case is not whether the bankrupt court has jurisdiction to pass on the validity of a lien on property exempt by law to the bankrupt, as contended by counsel for the bankrupt and the trustee, but is whether it has jurisdiction to determine the claim of the bankrupt to an exemption of certain money in the hands of the trustee collected by him as assets of the bankrupt estate, on which the petitioner alleges it has an equitable lien, and to which it is entitled. The bankrupt law allows to the bankrupt the exemption provided by the law of the state, but the manner in which the exemption is to be claimed, set apart, and awarded is regulated by the bankrupt law. The voluntary bankrupt must claim the exemption to which he is entitled at the time of filing his petition. Bankrupt Act July 1, 1898, c. 541, § 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]; In re Friedrich, 100 Fed. 284, 40 C. C. A. 378.

This bankrupt claimed at the time of filing his petition $2,000 as exempt—$1,000 in certain specific articles of personal property, and $1,000 as real property exemption in money due by London & Lancashire Fire Insurance Company, the money now in dispute.

The trustee has collected the money from the insurance company, and holds it subject to the order of the court. The bankrupt's claim of exemption has not been determined and set apart to him as required by the bankrupt law. A dispute has arisen as to his right to exempt the money in question. The court of bankruptcy is given jurisdiction to determine the right to and the valuation of the property claimed. The bankrupt court has jurisdiction to determine all claims of bankrupts to their exemption, and has exclusive jurisdiction to determine such claims. Bankruptcy Act July 1, 1898, c. 541, § 2, subd. 11, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421]; In re Turnbull (D. C.) 106 Fed. 667; In re Mayer, 108 Fed. 599, 47 C. C. A. 512; McGahan v. Anderson, 113 Fed. 115, 51 C. C. A. 92; In re Butler (D. C.) 120 Fed. 100; Cannon v. Dexter Broom & Mattress Co. (C. C. A.) 120 Fed. 657; In re Boyd (D. C.) 120 Fed. 999; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814.

Upon the determination of this question the court formally sets apart to the bankrupts and segregates from the estate that which the state law exempts. When the exemption has been set apart by the trustee, and he has reported it to the court for its approval, and when approved and the bankrupt's right to it has been finally determined, the property embraced in the exemption ceases to be a part of the assets to be administered by the court in connection with the bankrupt's estate, and the bankrupt court would have no jurisdiction to entertain a plenary suit in equity by a creditor of the bankrupt to reach and subject to his claim such exempt property. Woodruff v. Cheeves, 105 Fed. 601, 44 C. C. A. 631; In re Wells (D. C.) 105 Fed. 762. The bankrupt's right to exemption is not to any specific personal property or money, but to $1,000 in value, to be selected, etc. His right to the money in question has never been determined, awarded, and set apart to him as exempt.

I am unable to perceive the applicability of the case of Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, to this case. That case was an independent suit brought by the trustee in bankruptcy to assert a title to money or property as assets of the bankrupt against strangers to the proceedings in bankruptcy. The court held that the bankrupt court had no jurisdiction of the suit, and said that controversies not strictly or properly a part of the proceedings in bankruptcy did not come within the jurisdiction of the bankrupt court. Under the recent amendment of the bankrupt act, the courts of bankruptcy have jurisdiction in such cases concurrent with the state courts. However, the decision in Bardes v. Bank did not involve the claim or right of a bankrupt to an exemption.

In the case of Lockwood v. Exchange Bank, 23 Sup. Ct. 751, 47 L. Ed. ——, the question was whether the bankrupt court had jurisdiction to protect or enforce against the bankrupt's exemption the rights of creditors not having a judgment or other lien, whose obligation to pay contained a written waiver of the homestead exemption authorized and prescribed by the law of the state. The Supreme Court held that the title to the property of a bankrupt exempted by state laws remained in the bankrupt, and did not pass to his representative in bankruptcy; that although the bankrupt act conferred upon the court of

bankruptcy authority to control exempt property, in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, it affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the act declares shall not pass from the bankrupt or become part of the bankrupt assets. The Supreme Court was there dealing with property prescribed as exempt by the laws of the state, which had been applied for and set apart to the bankrupt, and which the creditor was seeking to subject to the payment of his debt, on the ground that the bankrupt had waived his right of exemption to it. The statute of the state prescribed the proceeding to be taken to accomplish the end sought. The decision of the Supreme Court was, in effect, that the court of bankruptcy had no jurisdiction in such proceedings to enforce the rights of the unsecured creditor.

In the case in hand the state law has not prescribed the specific money or any specific personal property to be exempt, and this specific money has not been set apart to the bankrupt as exempt, and has not been defined as that upon which the law operates as exempt. And here the creditor is secured—has a lien on the particular money. That the petitioner has such lien is hardly controverted.

The court of bankruptcy has jurisdiction of the petition of a creditor of the bankrupt, asserting a lien on the proceeds of a sale of property belonging to the bankrupt which have come into the hands of the trustee, or on money collected by him as assets of the bankrupt estate. Such a petition is a bankrupt proceeding, under the bankrupt act. Hutchinson, Trustee, v. Otis, Wilcox & Co., 23 Sup. Ct. 778, 47 L. Ed. ——. As in the case of a mortgage, the court of bankruptcy will entertain the summary petition of the mortgagee for the sale of the property, and ascertain and liquidate the lien by its sale, and apply the proceeds in payment, etc. Brandenburg on Bankruptcy, § 1092.

My opinion is that this court has jurisdiction to determine the matter in dispute, and that on the facts reported by the referee his decision is correct. Hence I concur in and affirm the same.