## FIRST NAT. BANK OF ANADARKO v. MASTERSON.

No. 668. Opinion Filed January 10, 1911.

Rehearing Denied June 8, 1911.

(116 Pac. 162.)

1. **BANKRUPTCY—Discharge—Collateral Attack.** A discharge in bankruptcy, until set aside or reversed in a direct proceeding, is conclusive upon all parties to the proceedings, and cannot be attacked collaterally.

2. **BANKRUPTCY—Jurisdiction—When Attaches.** For jurisdictional purposes, bankruptcy proceedings are commenced by the filing of the original petition.

(Syllabus by the Court.)

*Error from District Court, Caddo County; Frank M. Bailey, Judge.*

Action by William H. Masterson against the First National Bank of Anadarko. Judgment for plaintiff, and defendant brings error. Affirmed.

*A. J. Moore,* for plaintiff in error.

*C. H. Carswell,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover the sum of $1,000 alleged to have been deposited with the defendant in the ordinary course of business. The defendant answered, in substance admitting the deposit, but alleging that plaintiff, at the time the deposit was made, was indebted to the bank on an overdraft, which was reduced to a note and afterwards reduced to a judgment. To this answer the plaintiff replied, admitting the judgment, but that it has been extinguished by a discharge in bankruptcy. Upon the issues thus joined there was judgment for the plaintiff, to reverse which this proceeding in error was commenced.

It is admitted that there was a discharge in bankruptcy by a court of competent jurisdiction, which would extinguish the judgment against the plaintiff if it were not for the fact, as contended for by counsel for defendant, that the bankruptcy court failed to enter an order showing that the plaintiff had been adjudicated a bankrupt. We do not believe this contention can be sustained. Bankruptcy courts are on the same footing as courts of general jurisdiction, respecting the finality and conclusiveness of their records and judgments; and when judgments are rendered by them upon questions arising in bankruptcy proceedings, they possess all the incidents of finality and conclusiveness appertaining to courts of general jurisdiction. Their judgments, unless reversed on appeal or writ of error, import absolute verity. *Edelstein v. United States,* 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236. Collier on Bankruptcy, p. 12, says:

"Such courts are not inferior courts in the sense that essential jurisdictional facts must affirmatively appear on the record."

Brandenburg on Bankruptcy (3d Ed.) p. 856, states the rule as follows:

"A certificate of discharge in bankruptcy, signed by the judge, and attested by the clerk under the seal of the court, is the means by which the bankrupt is to prove and have the benefit of his discharge, and is conclusive evidence of the jurisdiction of the court, and of the fact and the regularity of the discharge, but is not conclusive evidence in favor of other parties seeking to use it. Since it is conclusive of the regularity of the proceedings, it can only be attacked in the court granting it upon proper proceedings."

On page 261 the same writer says:

"The judgment of a court of competent jurisdiction cannot be collaterally attacked, but is conclusive between the parties; so a discharge in bankruptcy, until set aside or reversed in a direct proceeding, is conclusive upon all parties to the proceedings and cannot be attacked collaterally, and cannot, therefore, be impeached, if pleaded in bar of an action for a dischargeable debt in a state court."

In *Sloan v. Lewis,* 89 U. S. 150, 22 L. Ed. 832, it was held that, where the record shows jurisdiction, an adjudication of bankruptcy can only be assailed by a direct proceeding in a competent court. To the same effect are *Elliott v. Piersol et al.,* 26 U. S. 340, 7 L. Ed. 164; *Palmer v. Hussey,* 119 U. S. 96, 7 Sup. Ct. 158, 30 L. Ed. 362; *Graham v. Boston, etc.,* 118 U. S. 161, 6 Sup. Ct. 1009, 30 L. Ed. 196; *Dowell v. Applegate,* 152 U. S. 328, 14 Sup. Ct. 611, 38 L. Ed. 463; *Lamp Chimney v. Ansonia, etc.,* 91 U. S. 656, 23 L. Ed. 336.

The bankrupt act unquestionably fixes the time when jurisdiction attaches. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418). Brandenburg on Bankruptcy (3d Ed.) § 85, states the rule as follows: "For jurisdictional purposes, bankruptcy proceedings are commenced by the filing of the original petition." In *Mueller v. Nugent,* 184 U. S. 14, 22 Sup. Ct. 269, 46 L. Ed. 405, it was held that "it is as true of the present law, as it was of that of 1867 [Act March 2, 1867, c.

176, 14 Stat. 517], that the filing of the petition is a caveat to all the world."

The judgment of the court below must be affirmed.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; TURNER, J., not participating.