## McCURRY et ux. v. SLEDGE et al.

No. 4693.    Opinion Filed June 1, 1915.

(149 Pac. 1124.)

1.  **HOMESTEAD—Mortgage by Husband—Validity.** A mortgage of the homestead of the family by a married man, where the wife does not join therein, is void.

2.  **BANKRUPTCY—Setting Aside Exemptions—Conclusiveness—Effect Upon Mortgages.** Where, in an action to foreclose a real estate mortgage in a state court, the defendant, who has been discharged as a bankrupt, claims the property as a homestead, and it appears that, in the bankruptcy proceedings, the debt of the plaintiff secured by said mortgage was duly scheduled, that plaintiff had notice and appeared, and that the property described in his mortgage was, upon a hearing of plaintiff's exceptions thereto, set apart and adjudged to be the homestead of defendant, such judgment of the bankruptcy court is conclusive as to the parties herein.

(Syllabus by Bleakmore, C.)

*Error from District Court, Pontotoc County;*
*A. H. Ferguson, Assigned Judge.*

Action by W. W. Sledge and another, partners as the Sledge Lumber Company, against N. A. McCurry, and his wife intervened.    Judgment for plaintiffs, and defendant McCurry and wife bring error.    Reversed and rendered for the latter.

*Thomas P. Holt* and *Clinton A. Galbraith,* for plaintiffs in error.

*J. F. McKeel,* for defendants in error.

Opinion by BLEAKMORE, C.    This action was commenced in the district court of Pontotoc county February 12, 1912, by the defendants in error, as plaintiff, against plaintiff in error N. A. McCurry on a promissory note for $1,657, of date June 14, 1910, payable to the plaintiff September 1, 1910, and to foreclose a mortgage on lots

McCurry et ux. v. Sledge et al.

9 and 10 of block 53, city of Ada. The parties will be referred to herein as they appear in the trial court.

Defendant answered, setting forth, among other things, that he was a married man and the head of a family entitled to homestead exemption; that said lots were a part of his homestead at the time of the execution of said mortgage, and that his wife did not join in the execution thereof, for which reason said mortgage is void; that, subsequent to the execution of said mortgage he had been adjudicated a bankrupt, in which bankruptcy proceedings the debt evidenced by said note and mortgage, was a provable claim, and duly scheduled; that plaintiffs appeared in said bankruptcy proceedings; that defendant therein claimed lots 9 to 16, inclusive, of block 53, as a homestead; that it was therein adjudicated that lots 9 to 14, inclusive, constituted his homestead, and lots 15 and 16 were sold and the proceeds thereof distributed to his creditors. Other defenses are pleaded, but it is deemed unnecessary to set them forth.

The wife of defendant intervened, claiming the lots involved (9 and 10) as a homestead at the time of the execution of said mortgage, and alleged that she did not join in the execution of the same.

The case was tried to a jury, and resulted in judgment for plaintiffs for the full amount of the note, and foreclosure of the mortgage.

It appears from the evidence that the defendant and his wife, some six or eight years prior to June, 1910, became the owners of a half block of ground in the city of Ada, same being lots 9 to 16, inclusive, of block 53, each lot being 50x140 feet in area, which was occupied

by them continuously as a residence; that, upon taking possession of said lots, a house was erected upon lots 15 and 16, in which they lived; that they borrowed money and erected a second house on lots 9 and 10, about a year prior to the execution of the note and mortgage in suit, intending at all times to use it as their dwelling house; that the new house could be rented to better advantage than the house on lots 15 and 16, and was therefore let to a tenant, who occupied the same until a short time after the date of said mortgage; that, at the time of the execution of said mortgage, plaintiffs requested the wife of the defendant to join therein, but she refused, claiming the property as the homestead.

The note and mortgage were executed on June 14, 1910. On June 16th thereafter, plaintiffs began an action in the district court of Pontotoc county against defendant N. A. McCurry on open account for the same indebtedness evidenced by the note and mortgage involved herein, which action was subsequently abated, on defendant being discharged in bankruptcy. On August 8, 1910, defendant filed his petition in bankruptcy, and on the following day was adjudicated a bankrupt in the United States Court for the Eastern District of Oklahoma, in which proceedings the indebtedness sued on and evidenced by said note and mortgage was duly scheduled. Defendant therein claimed as his homestead and exempt all of said lots numbered from 9 to 16, inclusive, and with reference thereto set forth in his schedule:

"This property is under mortgage to the American Investment Company of Oklahoma City, and the Midland Savings & Loan Company, of Denver, Colo., as security for purchase money, and the Sledge Lumber Company of Ada, Okla., holds and claims a purported mortgage on part thereof."

Plaintiffs had notice and appeared in said bankruptcy proceeding. Of the property claimed, lots 9 to 14, inclusive, were designated and set apart by the trustee in bankruptcy as the homestead of defendant. Plaintiffs file the following exceptions to said designation:

"In the District Court of the United States for the Eastern District of Oklahoma. In Bankruptcy.

"In the Matter of N. A. McCurry, Bankrupt.

"Exceptions to Trustee's Finding.

"Come now Sledge Lumber Company, a copartnership composed of .W. W. Sledge and A. Fishbeck, and doing business at Ada, Oklahoma, and except to the finding. of the trustee in the above-entitled matter, setting aside and designating the exempt property of the above bankrupt; said exception being in the following particular, namely, as to the homestead of the said bankrupt. Said Sledge Lumber Company, composed of 'W. W. Sledge and A. Fishbeck, except to the designation of lots 9, 10, 11, 12, 13 and 14 in block 53 in the city of Ada, Oklahoma, according to its official plat, and would show to the court that this said designation is improper and not warranted by the law, and would further show to the court that lots 15 and 16 in block 53 of the city of Ada, Oklahoma, should have been designated by the trustee as said bankrupt's homestead. The said Sledge Lumber Company, composed of W. W. Sledge and A. Fishbeck, are now, and were at the time of the filing of said bankrupt's petition in bankruptcy, creditors of the said bankrupt. Wherefore said. Sledge Lumber Company, composed of W. W. Sledge and A. Fishbeck, pray that the finding of the said trustee be corrected and amended, designating lots 15 and 16 in block 53 in the city of Ada, Oklahoma, according to the official plat thereof, as the homestead of the said bankrupt."

The exceptions were heard by the referee, and it was finally determined that said lots so set apart by the trus-

tee constituted the homestead; the value thereof being about $2,000. On December 7, 1911, defndant was discharged as a bankrupt.

There are many assignments of error, only one of which need be considered, viz., error of the court in instructing the jury as follows:

" * * *  The court further instructs you that the contention of defendant that the bankruptcy court has set aside the property in question as a homestead is not material to the issues in this case, and is in no sense a defense to this action."

Plaintiffs in the bankruptcy proceedings asserted that they were creditors of defendant by virtue of the very debt sued on in this case. They contended in that court, as they have here, that the mortgage given to secure it was all property other than the homestead of defendant.

It will be remembered that the mortgage in suit was executed on June 14, 1910, within four months before the filing of the petition in bankruptcy on August 8, 1910. If, therefore, the mortgaged property had not been the homestead of defendant, the title thereto would have vested in the trustee, for clearly the mortgage, which was for a pre-existing debt, would have constituted a preference, and was invalid as to creditors; and the trustee could have maintained an action to establish its invalidity. *First Nat. Bank v. Staake,* 202 U. S. 141, 26 Sup. Ct. 580, 50 L. Ed. 967, 15 Am. Bankr. Rep. 639; *Knapp v. Milwaukee Trust Co.,* 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610, 24 Am. Bankr. Rep. 761; *Dulany v. Morse,* 29 Am. Bankr. Rep. 275.

There were but two issues in this case: (1) The right of the plaintiffs to judgment for the debt; and (2) their right to foreclose the mortgage. As to the first, the

indebtedness sued on was a provable claim in the bankruptcy court, where it had been duly scheduled; and the discharge of defendant therein as a bankrupt operated as a complete bar to its enforcement herein. In regard to the second, the sole question was: Did the property described in the mortgage sought to be foreclosed constitute a part of the homestead of defendant? This identical question was adjudicated in the bankruptcy proceedings, in. which plaintiffs appeared and excepted to the action of the court, and wherein it was determined, with reference to this particular mortgage, that the homestead of defendant did in fact embrace said lots 9 and 10, and that lots 15 and 16, which plaintiff here contends constituted his homestead, were not included therein, but were ordered sold for the benefit of his creditors.

"The bankruptcy court has jurisdiction, and the jurisdiction is exclusive, to determine the claims of bankrupts to their exemptions." (Remington on Bankruptcy, sec. 1026; *In re Lucius* [D. C.], 10 Am. Bankr. Rep. 653, 124 Fed. 455; *McGahan v. Anderson*, 7 Am. Bankr. Rep. 641, 113 Fed. 115, 51 C. C. A. 92.)

It was said by this court, speaking through Mr. Chief Justice Kane, in *First Nat. Bank of Anadarko v. Masterson*, 29 Okla. 76, 116 Pac. 162:

"Bankruptcy courts are on the same footing as courts of general jurisdiction, respecting the finality and conclusiveness of their records and judgments; and. when·judgments are rendered by them upon questions arising in bankruptcy proceedings, they possess all the incidents of finality and conclusiveness appertaining to courts of general jurisdiction. Their judgments, unless reversed on appeal or writ of error, import absolute verity."

In Remington on Bankruptcy, sec. 1086, it is said:

"The order of the bankruptcy court setting aside or approving the report of the trustee setting aside property

as exempt is *res judicata* in the state courts as elsewhere as to all creditors properly notified of the bankruptcy." *Smalley v. Langenour*, 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400, 13 Am. Bankr. Rep. 692.

In *Evans v. Rounsaville*, 115 Ga. 684, 42 S. E. 100, 8 Am. Bankr. Rep. 236, it is said:

"An exemption assigned and set apart by the bankrupt court * * * is no more subject to levy and sale than if it had been set aside by the ordinary of a county having proper jurisdiction."

The determination by the bankruptcy court that the lots described in the mortgage involved were embraced in the homestead of defendant is conclusive as between the plaintiffs and defendant herein. The lots covered by plaintiffs' mortgage constituted a part of the homestead of defendant and his family; and, his wife having failed to join in the execution of the mortgage in question, the same was void. *Whelan v. Adams*, 44 Okla. 696, 145 Pac. 1158.

The judgment of the trial court, therefore, should be reversed, and judgment rendered for defendant.

By the Court: It is so ordered.