## DAVIS et ux. v. FIRST STATE BANK OF IDABEL.

No. 6834—Opinion Filed May 29, 1917.

(166 Pac. 92.)

**1. Homestead—Acquisition—Occupancy.**

The homestead character may be impressed upon a tract of land without actual occupancy, provided the claimant has a fixed intention to make a home thereon, and such intention is evidenced by overt acts of preparation in the erection of permanent improvements and in the preparation of the land for a home.

**2. Same.**

The actual occupancy of the land, or an attempt in good faith to do so, must follow the overt acts of preparation without unreasonable delay.

(Syllabus by Galbraith, C.)

Error from District Court, Choctaw County; Summers Hardy, Judge.

Action by the First State Bank of Idabel against J. H. Davis and wife. There was a judgment for plaintiff, and defendants bring error. Reversed in part, and affirmed in part.

Steel, Lake, Head & Barrett, for plaintiffs in error.

Louis A. Ledbetter, M. F. Hudson, and Ledbetter, Stuart & Bell, for defendant in error.

Opinion by GALBRAITH, C. This action was commenced in the trial court to recover on a promissory note for $1,900, with interest and attorney's fee, and to foreclose a real estate mortgage given to secure the same. The answer admitted the execution of the note and mortgage, but alleged that one of the lots described in the mortgage was the homestead of the defendants, and that they were husband and wife, and that the wife had not joined in the mortgage, and it was therefore void as to their homestead. A jury was waived and the cause was tried to the court, who made findings in favor of the plaintiff and rendered judgment for the amount of the note, interest and attorney's fee, and decreed a foreclosure of the mortgage. Exceptions were taken to the finding and judgment and decree and an appeal duly

perfected to this court. The court made findings of fact in part as follows: That on March 14, 1911, the defendant J. H. Davis executed and delivered to the First State Bank of Idabel his promissory note of that date for the sum of $1,900, due 12 months thereafter, bearing interest from date at the rate of 10 per cent. per annum, and at the same time for the purpose of securing the payment of said note executed and delivered to the bank a real estate mortgage upon lot 2, block 21, and lot 3, block 23, in the town of Idabel, and that this mortgage was duly recorded, and specifically found as follows:

"I find that the defendant Nora Davis did not sign said note and mortgage, and that she is the wife of the defendant J. H. Davis. I further find that at the time of the execution of said note and mortgage the defendant J. H. Davis had previously purchased said property and was at the time engaged in the erection of improvements thereon, and that on said date the house was in course of construction and partially completed. Said lot had been purchased and said improvements commenced prior to the time of the execution of said note with the intention of erecting a home for the defendant J. H. Davis and his wife, Nora Davis, with the bona fide intention of living thereon and actually occupying the same as a homestead as soon as said improvements might be completed, and that they did in fact, within a reasonable time after the completion of said improvements, move thereon and are now and were at the time of the filing of this suit occupying the same in fact as a residence for their family and with the intention of holding the same as a homestead. I find that at the time of the execution of the note by the defendant, J. H. Davis to the First State Bank that the plaintiff through its cashier had notice of the intention of said defendant to occupy said premises as a homestead. And that the defendants had no other homestead anywhere."

As conclusions of law the court found, from the facts, as follows:

"In my opinion the laws of this state contemplate that actual residence upon the property is necessary to impress the property with the homestead character, and in this case as the property had not been in fact occupied as a homestead the defendant Nora Davis cannot assert a homestead right to the premises; the defendant J. H. Davis, having executed a mortgage, for that reason and the further reason that the premises had not been actually occupied, cannot assert a homestead right, and the mortgage in this case is valid. and the plaintiff should have a decree foreclosing its mortgage for the amount due upon said note."

This record squarely presents the question whether or not actual occupancy is necessary to vest property with the homestead charac-

acter. The trial court followed the decision of the Supreme Court of the territory as announced in Ball v. Houston, 11 Okla. 233, 66 Pac. 358, wherein it was held that actual occupancy was essential to vest property with the homestead character. It will be recalled that the Territorial Supreme Court in the Ball Case was construing a homestead exemption prescribed by statute, which provided "that the same shall be used as a home for the family." While the homestead exemption involved in the instant case is that provided by the Constitution of the state (par. 302, Williams' Ann. Const.), which provides that the urban homestead "owned and occupied as a residence only" "shall consist," etc., "to be selected by the owner." In construing this provision of the Constitution this court has expressly held in two instances that "actual occupancy" was not essential to vest property with the homestead character and to entitle the claimant to the protection of this constitutional provision. Laurie v. Crouch, 41 Okla. 589, 139 Pac. 304; Hyde v. Ishmael, 42 Okla. 279, 143 Pac. 1044. In Laurie v. Crouch, supra, the court, in part, said:

"And we are led to believe that, under a liberal rule of construction, situations may be presented where the fixed intention to presently occupy a place as a home, accompanied with overt acts of preparation, such as fitting up or building or repairing a house for occupancy, followed by actually removing therein, without unreasonable delay, would have the effect, at least in equity, of impressing the homestead character, so as to render the property exempt against claims arising prior to actual occupancy."

In the Hyde Case, supra, after reciting the finding of the trial court to the effect that the homestead claimant had not occupied the land as a home, but had made an ineffectual attempt to do so, it was said:

"Did these acts evidence a fixed intention to personally occupy, accompanied with the overt acts of preparation, and were they sufficient to impress upon the land in controversy the homestead character and to bring it within the protection of the constitutional provision above quoted?"

An affirmative answer was returned to this question, and the following rule announced:

"Under the law, to impress land with the homestead character without actual occupancy, it is essential that the claimant should not only have the fixed purpose and intention to establish a home upon the land, but his attempt to occupy should follow the preparation of the land for a home, the construction of buildings and making of improvements thereon, without unreasonable delay."

The facts found by the court show that J. H. Davis purchased lot 2 in block 21 for the purpose of building him a home thereon, and that while he held a contract for a deed, he let the contract for a residence, and the same was partially constructed at the time the mortgage in suit was given, and that a short time thereafter the residence was completed, and he and his wife moved into the same, and have since occupied the premises as their home. And also that the bank had notice at the time the loan was made that this property was intended to be used as the homestead of Davis and his wife. There is no distinction as attempted to be made on behalf of the defendant in error between urban and rural homesteads as to the manner in which the same may be vested with the homestead character. It may attach to a home in the city without actual occupancy, as well as to one in the country under the same conditions and circumstances. We are constrained to hold that lot 2 in block 21 was the homestead of J. H. Davis and his wife at the time of the execution of the mortgage involved in this action, and that inasmuch as the wife did not join in the execution thereof, the same was void. Section 303, Williams' Const. Okla.: Whelan v. Adams, 44 Okla. 696, 145 Pac. 1158, L. R. A. 1915D, 551; McCurry v. Sledge, 48 Okla. 27, 149 Pac. 1124; Alton Merc. Co. v. Spindel, 42 Okla. 210, 140 Pac. 1168. We therefore hold that the trial court was in error in its conclusions of law in so far as it sustained the mortgage and ordered a foreclosure on lot 2, block 21, for the reason that the same was the homestead of J. H. Davis at the time of the execution thereof, and the wife did not join therein.

We recommend that the judgment appealed from be affirmed as to the money judgment and the foreclosure on lot 3, block 22, and the decree of foreclosure be vacated as to lot 2, block 21, the homestead of the defendants, and that the costs of this appeal be equally divided between the parties.

By the Court: It is so ordered.