## OSMON et ux. v. PAYTON.

No. 12398—Opinion Filed Nov. 6, 1923.

Rehearing Denied Feb. 26, 1924.

Second Petition for Rehearing Denied April 1, 1924.

### Homestead — Actual Occupancy — Intent and Preparation.

The homestead character may be impressed upon premises without actual occupancy, provided the claimant has a fixed intention to make a home thereon, and such intention is evidenced by overt acts of preparation of such premises for a home, but the actual occupancy of said premises, or an attempt in good faith to occupy the same, must follow the overt acts of preparation without unreasonable delay.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by W. L. Payton against Edith Osmon and her husband to quiet title to homestead. Judgment for plaintiff, and defendants appeal. Affirmed.

A. M. Baldwin, for plaintiffs in error.

Elmer L. Fulton and Shirk, Danner & Fowler, for defendant in error.

Opinion by ESTES, C. Defendant in error, W. L. Payton, herein referred to as plaintiff, sued plaintiffs in error, Edith Osmon and her husband, Emmet W. Osmon, herein referred to as defendants, in the district court of Oklahoma county to quiet title to real estate. On January 31, 1911, Mr. Osmon acquired, by purchase, lots 1, 2, 3, 4, 5, and 6 in block 3, in Eckroat's

addition to Oklahoma City, and soon thereafter, with his family, moved into the house located on said lots 1 and 2. On February 20, 1911, he and his wife mortgaged said lots 1 and 2 for the purpose, as testified to by them, of raising money to help build a house on said lots 5 and 6, which house, when completed, they said they intended to occupy as a homestead. The construction of the house on lots 5 and 6 was commenced by defendants. Before it was completed, and before defendants occupied it, as they testified they intended doing, Mr. Osmon, on April 25, 1911, during the temporary absence of Mrs. Osmon from the state, and without her joining him, sold and conveyed said lots 5 and 6 by warranty deed to plaintiff, Payton. Said deed contained the following provision:

"Said property is not now, and never has been, occupied as, or claimed as, the homestead of the grantor."

Thereupon plaintiff took possession of said lots 5 and 6 and made lasting improvements thereon. For nearly nine years the two families so resided with only lots 3 and 4 intervening. Not until defendants filed their answer herein did they ever assert any rights to or claim possession of said lots 5 and 6. They never claimed any homestead rights in said lots 5 and 6 by virtue of their occupancy of lots 1 and 2. They never, in fact, occupied lots 5 and 6 nor did they ever use same in any way in connection with said lots 1 and 2. Their only claim of homestead in lots 5 and 6 is based upon their claim that they built a house on same with funds borrowed on lots 1 and 2 with the intention of occupying such house when completed. Soon after conveying lots 5 and 6 to plaintiff, defendants built a house on lots 3 and 4 and afterwards sold same. Defendants used the money which they procured from plaintiff for said lots 5 and 6, in part, in the purchase of a farm, which farm they occupied after losing lots 1 and 2 by mortgage sale. At the time this suit was filed by plaintiff, defendants owned and were occupying a residence property in the town of Asher, Okla., as their homestead. Defendants answered and asked to have title to said lots 5 and 6 quieted in them. From a judgment for plaintiff, defendants appeal. The question in the case is, Were said lots 5 and 6, at the time same were deeded to the plaintiff, the homestead or a part of the homestead of defendants?

Defendants claim that the deed to the plaintiff was void under article 12, sec. 2, of the Constitution of Oklahoma, which provides, inter alia, in substance, that the owner, if married, cannot sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law, and also section 5240, Comp. Stat. 1921, requiring that a deed to the homestead, in order to be valid, must be subscribed by both husband and wife. If said lots 5 and 6, at the time Mr. Osmon conveyed same to the plaintiff, were impressed with the homestead character, then said deed thereto is absolutely void. On the other hand, if said lots were not homestead, plaintiff's deed from Mr. Osmon is valid. The legal title to said lots 5 and 6 was in Mr. Osmon, at the time he conveyed to plaintiff. Under section 5249, statutes, supra, a husband or wife may convey, mortgage, or make any contract relating to any real estate, other than the homestead, belonging to him or her, as the case may be, without being joined by the other in such conveyance, mortgage, or contract.

We shall not discuss the question whether defendants, by their contention herein, under the facts, were claiming two homesteads at the same time or whether they were estopped. Defendants may have had a fixed intention to establish their home on said lots 5 and 6. Procuring said loan on said lots 1 and 2 and starting the house on lots 5 and 6 evidenced overt acts of preparation thereunto. However, they did not actually occupy said lots 5 and 6 at any time, nor did they attempt in good faith to occupy same as a homestead for about nine years after said overt acts of preparation. Under the facts in this case, defendants abandoned their intention to occupy said lots 5 and 6 as their homestead.

In Sharpe et al. v. Wright, 88 Okla. 16, 211 Pac. 70, 71, it is said:

"While the homestead character may be impressed upon premises without actual occupancy, if the claimant has a fixed intention to make a home thereon, and evidences such intention by overt acts of preparing the same for a home, yet the actual occupancy of the land or an attempt in good faith to occupy the same must follow the overt acts of preparation without unreasonable delay. Davis v. First State Bank of Idabel, 65 Okla. 211, 166 Pac. 92; Harris v. Cherokee State Bank, 82 Okla. 151, 198 Pac. 878."

The judgment of the lower court should be and is affirmed.

By the Court: It is so ordered.