## HARRIS v. WATTS et al.

No. 11769—Opinion Filed April 1, 1924.

Rehearing Denied May 13, 1924.

(Syllabus.)

1. Homestead—Acreage of Rural Homestead—Family Use.

Where the head of a family and his wife own but 80 acres of farm land in this state and reside on a portion of it, the entire tract does not constitute the homestead of the family, but only such part will be held to be a homestead as is intended by the owner as a part of the homestead, and is used in connection with the place of residence for the comfort and sustenance of the family, and is occupied and cultivated in common, or such part as the owner evinces, by overt acts, an intention to immediately use as part of such homestead.

2. Same—Homestead Status a Question of Fact.

The question as to whether a particular tract of land has been selected and impressed with the homestead character is a question of fact to be determined by the court or jury, whether the family owns more than 160 acres of land or less.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by Charles G. Watts, and another, against William H. Harris. Judgment for plaintiffs, and defendant brings error. Affirmed.

John C. Graves, for plaintiff in error.

Watts & Watts and E. J. Broaddus, for defendants in error.

COCHRAN, J. This action was brought by the defendants in error to recover a certain tract of land located in Wagoner county from the plaintiff in error. The defendants in error claim title to the land in controversy under a deed from Abednego Marshall, dated July 27, 1908. The plaintiff in error contends that this deed is void, because the land conveyed was a portion of the homestead of Abednego Marshall and his wife, Rena Marshall. The trial court found that the land in controversy was no part of the homestead of Abednego Marshall and his wife, and entered judgment for the plaintiffs for the possession of the land and $150 rent, and quieted plaintiffs' title to said land. Abednego Marshall and his wife, on July 27, 1909, each owned 40 acres of land, allotted to them as members of the Creek Tribe of Indians. The 80 acres of land

owned by them was in three separate parcels, one of which is the land in controversy in this case. The land in controversy was not occupied or used in connection with the family's place of residence, for the comfort and sustenance of the family, and had never been so used or occupied, and there was no proof that there was any intention to immediately occupy the same as a homestead.

It is the contention of the plaintiff in error that the family was entitled to 160 acres of land as a homestead without regard to whether it had ever been impressed with the homestead character; in other words, that the homestead character attaches to property owned by the family to the extent of 160 acres of land without regard to its use. This contention is in conflict with McCray v. Miller, 78 Okla. 16, 184 Pac. 781, and Kerns v. Warden, 88 Okla. 297, 213 Pac. 70. In McCray v. Miller, supra, it was said:

"It is our opinion that where, as in this case, the head of a family in this state is the owner of but one tract of land not within the limits of any city, town, or village, consisting of not more than 160 acres, the fact of ownership alone is not sufficient to impress the land with the homestead character where said owner does not reside thereon, never had, and has made no preparation or evinced any intention of so doing."

In Kerns v. Warden, it was said:

"Where the head of a family owns but 130 acres of land and resides on a portion of it, such facts do not constitute the entire tract a homestead, whether it be in one tract or separate parcels; but only such part will be held to be a homestead as is intended by the owner as a part of his homestead and is used in connection with his place of residence for the comfort and sustenance of the family, and is occupied and cultivated in common or such part as the owner evinces by overt acts an intention to immediately use as part of such homestead."

It is the contention of the plaintiff in error that the rule announced in the above cases should be applied only to cases where the family owns more than 160 acres of land, in which case it is a question of fact to determine what part thereof has been impressed with the homestead character, but should not be applied where the family owns 160 acres of land or less, whether the same is in one parcel or more than one parcel, as the entire property in such circumstances constitutes the homestead without regard to the manner in which it is used. This court has frequently announced the rule that the question as to whether a tract of land has been selected and impressed with the homestead character is a question of fact for the court or jury to determine under all the facts and circumstances of the particular case. The same is true without regard to the amount of the property owned by the family. The question involved here was discussed fully in Kerns v. Warden, supra, and the judgment of the trial court was in accordance with the views therein announced. The judgment is affirmed.