JEFFERSON et al. v. HENDERSON et al.

No. 19324. Opinion Filed Oct. 22, 1929.

Rehearing Denied Dec. 10, 1929.

Eck E. Brook and Edgerton & Vickers, for plaintiffs in error.

A. E. Graham, for defendants in error.

RILEY, J. This appeal is from judgment sustaining a demurrer to plaintiffs' petition, and dismissing the cause of action upon plaintiffs' election to stand upon the sufficiency of the petition. The sole question presented now is whether the petition stated a cause of action. The petition follows:

"In the District Court in and for Creek County, Okla., Mattie Jefferson and Clyde Jefferson, Jr., by Mattie Jefferson, his next friend, Plaintiffs, v. W. G. Henderson, J. G. Henderson, A. E. Graham and Alice B. Graham, Defendants—No. 15,122.

"Petition.

"The plaintiffs, for cause of action against the defendants, above named, state:

"That the plaintiff, Mattie Jefferson, is the wife of Clyde Jefferson, and that plaintiff, Clyde Jefferson, Jr., is the minor son of said Clyde Jefferson and of the plaintiff, Mattie Jefferson; that she was the wife of the said Clyde Jefferson on January 11, 1924, and for the several years prior thereto, and that said minor son is of about the age of five years.

"That at the time herein above mentioned the said Clyde Jefferson, an incompetent person, was the owner of an interest in certain, lands in Creek county. Oklahoma, described as follows: The north half of southwest quarter of section 24, and the north half of the northwest quarter of section 25, all in township 15 north, range 8 east, situated in said Creek county, Okla.

"That said lands were allotted to the said Clyde Jefferson as a Creek freedman, enrolled as such opposite roll No. 726, N. B., freedman, and that the same were the only lands allotted or owned by him, and the only homestead of the plaintiff herein, in the state of Oklahoma, or elsewhere; that it was the plan and purpose of the said Clyde Jefferson and the plaintiff, Mattie Jefferson, to build a home and to reside permanently upon said land. and to use the same as such for themselves and their said minor child; that preparations had been made and were being made to that end.

"That, in October, 1922, the said Clyde Jefferson executed a pretended deed to one V. V. Morgan, as shown in volume 264, at p. 219, of the records of said Creek county, Okla., without plaintiff joining therein, and without her knowledge and consent; that a declaration of homestead was duly executed August 21, 1922, to said lands and filed for record in the office of the county clerk of said county, on September 2, 1922, and of record in book 258, at p. 241.

"Plaintiffs further state that a pretended decree was made and entered in this court, in civil cause No. 11364, to which plaintiffs were not parties, and not served with summons, and in which they made no appearance, and had no notice of said suit; that plaintiffs have an interest in said lands as the wife and minor child of said Clyde Jefferson; that she married the said Clyde Jefferson while he was a minor and that he was for many years under guardianship and later declared incompetent; that said lands constitute the homestead of plaintiffs, and that they have a vested right therein as such, which they have never conveyed away to the defendants, or to any other person, and that said facts were within the knowledge of the defendants; or that they could have ascertained said facts with the exercise of due diligence.

"That defendants claim ownership in said lands under and by virtue of the purchase of the lands of the said Morgan and those claiming under him, all of whom were aware of the rights of the plaintiffs as set out herein; that defendants are claiming said property as against the plaintiffs and withholding the possession thereof from the plaintiffs.

"Wherefore, plaintiff, Mattie Jefferson, for herself, and as mother and next friend of the plaintiff, Clyde Jefferson, a minor, prays that said property herein described be declared to be the homestead of plaintiffs; that any right of the defendants be second and inferior to such rights of plaintiffs; that the defendants be barred from setting up any title or claim adverse to said rights of plaintiff, and for all other proper relief.

"Isrig & Dillon and
"Snodgrass & Snodgrass,
"Attorneys for Plaintiffs.

"Received and filed in District Court, Creek County, April 17, 1926."

The nearest approach to statement of a cause of action is contained in the third paragraph of the petition to the effect that said lands were allotted to Clyde Jefferson; that the same were the only lands owned by him; that it was the plan and purpose of said Clyde Jefferson and plaintiff, Mattie Jefferson, to build a home and to reside permanently upon said lands; that preparations

had been made and were being made to that end. However, the most that can be said for the allegations contained in that paragraph is that mere conclusions are pleaded. No overt acts are pleaded—primary facts are alleged. It is true "intention" is sufficiently set out, joining in that allegation both Clyde Jefferson and plaintiff. Tiger v. Ward, 60 Okla. 36, 158 Pac. 941; Trower v. Wetmore, 123 Okla. 81, 252 Pac. 48.

The allegation of caveat or declaration of homestead, filed of record, mentioned in paragraph 4 of the petition, is not attached to the pleading and adds nothing; for the wife cannot, without consent of the husband, impress his lands with the homestead character. The petition discloses that the land in question was owned by Clyde Jefferson and that her only interest or claim was by reason of the marital relation.

The fact that the land is an allotment and the only land owned by the head of a family creates no presumption that the same constitutes a homestead. Garrett v. Getzendaner, 115 Okla. 12, 242 Pac. 525. But bare intention to create a home on vacant land, unaccompanied by occupancy or overt acts clearly manifesting fixed intention to occupy same without unreasonable delay, is not sufficient to impress the homestead character upon lands. Laurie v. Crouch, 41 Okla. 589, 139 Pac. 304; McCray v. Miller, Bland v. Bland, 78 Okla. 16, 184 Pac. 781.

The phrase, "that preparations had been made and were being made to that end," is a mere conclusion and pleads no primary fact indicating an overt act. The phrase, "that it was the plan and purpose of said Clyde Jefferson and the plaintiff, Mattie Jefferson, to build a home and to reside permanently upon said lands," is an allegation of intention to establish a homestead, but the same does not allege an overt act, to say nothing of bringing that necessary allegation of fact within a reasonable time.

In Johnson v. Johnston, 82 Okla. 259, 200 Pac. 204, it is said:

"Intention is the prime element necessary for the purpose of impressing the homestead character upon land prior to actual occupancy. This intention must be manifested by such acts as to give at least reasonable notice of that intention. The purpose of the law is that such open evidence of this intention should be shown as to prevent the claim of this right as a shield for fraud. This intention should not be in the mind of the party, but should be evidenced by some unmistakable acts, showing an intention to carry out such a design."

Note, also, Osmon v. Payton, 98 Okla. 194, 223 Pac. 382:

"The homestead character may be impressed upon premises, without actual occupancy, provided the claimant has a fixed intention to make a home thereon, and such intention is evidenced by overt acts of preparation of such premises for a home, but the actual occupancy of said premises or an attempt in good faith to occupy the same, must follow the overt acts of preparation without unreasonable delay." Sharp v. Wright, 88 Okla. 16, 211 Pac. 70; Davis v. First State Bank, 65 Okla. 211, 166 Pac. 92; Harris v. Central State Bank, 82 Okla. 151, 198 Pac. 878; Harris v. Watts, 102 Okla. 36, 226 Pac. 40; Orwig v. Cloud, 109 Okla. 209, 233 Pac. 1085; Interstate M. T. Co. v. Weber, 121 Okla. 185, 249 Pac. 150.

It seems reasonable that when the petition of plaintiffs was challenged and the challenge sustained by the court, in the event plaintiffs could prove overt acts of preparation or improvement of the land, within a reasonable time, in connection with the claim of homestead rights, that the same would have been alleged by amendments so as to substitute allegations of facts sufficient to constitute a cause of action in lieu of conclusions indefinite, uncertain, and insufficient.

Judgment affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, HEFNER, SWINDALL, and ANDREWS, JJ., concur. CLARK and CULLISON, JJ., dissent.